[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2011
JOHN LEY
CLERK

No. 11-11925
Non-Argument Calendar
_____

Agency No. A088-344-425


YANG CHENG WEI,

                                                          Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 28, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Yang Cheng Wei (Wei) petitions for review of the Board of Immigration

Appeals' (BIA's) decision denying his motion to reopen his removal proceedings. Because we conclude that the BIA's decision was not arbitrary or capricious, we deny Wei's petition.

## I.

We review the BIA's decision not to reopen immigration proceedings for abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). And we will only find that the BIA has abused its discretion if its decision was arbitrary or capricious. *Id.*

To prevail on a motion to reopen, a petitioner must make a prima facie showing that he is entitled to relief. *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). The motion must be supported by affidavits or other evidentiary material, and the board is entitled to discount unauthenticated foreign documents. 8 C.F.R. § 1003.2(c); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009).

## II.

Wei entered the United States without authorization on July 6, 2007. Shortly thereafter he was charged as removable and he filed an application for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture based on his opposition to

China's family planning policies. Wei's application for relief was denied by both the Immigration Judge (IJ) and the BIA. Wei then filed a motion to reopen.

Wei's motion contended that he had begun practicing Falun Gong while in the United States and that his activities had been reported to Chinese officials who ordered him to cease his religious practices and return to China to be punished. In support of his motion Wei attached his own affidavit, a notice that Wei claimed was sent to his parents by Chinese officials ordering Wei to return to China and be punished, as well as two letters, one from his mother and the other from a relative in New York. He also submitted a report from the State Department.

The BIA denied Wei's motion because it concluded that he failed to make a prima facie showing that his new evidence entitled him to relief. The board reached this conclusion because it found that Wei's evidence was not sufficiently reliable. The BIA found that the notice sent to Wei's parents by the Chinese officials was unreliable because it was unsigned and did not identify an author. The BIA discounted Wei's affidavit and his relative's letter because the two contradicted each other about when Wei moved to New York. Finally, the board noted that Wei's mother was an interested party who had not been subjected to cross-examination and thus discounted her letter.

Wei has petitioned for review, and he argues that the BIA erred by finding

the notice from the Chinese officials insufficiently reliable because it was unsigned and did not identify an author.[1] Wei also argues that because the IJ found him credible, the BIA should have found the document to be reliable. Last, Wei argues that the document establishes a prima facie case that warrants reopening his removal proceedings.

We conclude that the BIA did not act arbitrarily or capriciously in denying Wei's motion. Wei argues that the BIA's conclusion that the document was unreliable because it was unsigned and did not identify an author was completely speculative as to how Chinese officials prepare government documents. But Wei has done no more than assert the BIA's conclusion was speculative. He has not shown how Chinese government documents are customarily prepared. Nor did Wei attempt to authenticate the notice in any other way. And although the IJ found that Wei was credible, the BIA was entitled to independently evaluate the reliability of the evidence Wei submitted in support of his motion. Because the BIA was entitled to discount this unauthenticated foreign document, it did not abuse its discretion in denying Wei's motion to reopen.[2]

---

[1] Wei has not argued that the BIA erred by discounting the other documents he filed in support of his motion and as such he has abandoned that argument. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[2] Because the BIA was entitled to discount the notice from the Chinese officials, we need not address whether the notice made out a prima facie case.

**PETITION DENIED.**